VAN ZANDT, et al. *v.* FIRST NATIONAL BANK at JACKSON.

Feb. 15, 1954

No. 39048      53 Adv. S. 30      70 So. 2d 327

128

*Barnett, Jones & Montgomery,* Jackson, for appellants.

*Flowers, Brown & Burns,* Jackson, for appellee.

McGEHEE, C. J.

This is a suit in equity brought by the appellee, First National Bank at Jackson successor of the Jackson State National Bank and Capital National Bank, against the appellants Dr. H. Van Zandt and the First Federal Savings & Loan Association at Jackson, to have the latter declared to be the holder in trust of the principal sum of $5,000 and $298.31 of accrued interest, upon the theory that the $5,000 had been erroneously credited on March 11, 1943, by the Jackson-State National Bank to the savings account of Dr. H. Van Zandt instead of to that of his brother J. C. Van Zandt, the actual depositor thereof, and which total sum of $5,298.31 was later withdrawn by Dr. H. Van Zandt on January 24, 1949, and placed on deposit to his credit with the First Federal Savings & Loan Association, where the same still remains. The relief prayed for was granted on the basis of the facts hereinafter stated.

The appellant Dr. H. Van Zandt and his brother J. C. Van Zandt, both of the Town of Braxton in Simpson County, came to the Jackson-State National Bank on March 11, 1943, when and where there were deposited by Dr. H. Van Zandt several checks drawn on a bank at Ellisville, Mississippi, aggregating the sum of $25,000 and representing most of the proceeds of the sale of certain timber which a few days prior thereto had been sold by the Van Zandts at and for the sum of $31,000. The $25,000, less the exchange charged in the sum of $48 on these checks, was thereupon deposited to the checking account of the appellant Dr. H. Van Zandt. On that occasion he drew one check against this checking account payable to the Savings Department of the Jackson-State National Bank for the sum of $10,000 and was given credit therefor on his previously established savings account at the said Bank. At the same time he drew another check against his checking account payable to his brother J. C. Van Zandt for the sum of $10,000. It

does not appear from the record before us as to how or by whom this $10,000 check was endorsed, but according to the undisputed testimony of Marvin E. Collum, Vice-President of the Bank, and the ledger sheet of J. C. Van Zandt's checking account, this $10,000 check in favor of J. C. Van Zandt was deposited to his checking account less the sum of $5,000 thereof transferred to his savings account. Mr. Collum further testified that ''there was a duplicate deposit slip made out in the handwriting of Mr. John Taylor signed by him on a checking account deposit slip, which recited that it was a $10,000 deposit to J. C. Van Zandt less transfer of $5,000 to his savings account.'' Moreover, unless this $10,000 check in favor of J. C. Van Zandt was thus handled, then the record before us fails to account for $5,000 of the proceeds thereof.

The undisputed proof further shows that thereupon J. C. Van Zandt was given a passbook containing an entry of $5,000 as having been deposited to his savings account. The page of this original passbook was introduced in evidence showing such entry on that date. The original deposit slip of the Savings Department showing this fact was also introduced in evidence upon the trial of this suit, but in posting the bank ledger for that day there was a failure on the part of some employee of the bank to enter on the books of the Savings Department of the bank this deposit of $5,000 in favor of J. C. Van Zandt. The ledger shows for that day one deposit of $10,000 and another deposit of $5,000 to the credit of the appellant Dr. H. Van Zandt in his savings account. No original deposit slip was shown to have been issued in his favor except for the item of $10,000, the one for $5,000 having been issued in favor of J. C. Van Zandt a~ aforesaid, and as shown by the testimony on behalf of the appellee Bank and the original deposit slip introduced in evidence at the trial, and as shown by the entry in the passbook of the latter as hereinbefore stated. Dr.

H. Van Zandt does not specifically contend that it was his purpose and intention on that day to deposit more than the $10,000 to his savings account. He testified that this item of credit for the $5,000 to his savings account could have been the proceeds of the sale of 75 bales of cotton that he remembers having deposited either to his checking account or to his savings account and for which he received a duplicate deposit slip which he testified that he later lost after closing his accounts with the said Bank on January 24, 1949. But, more about the sale and disposition of the proceeds of the cotton later.

On January 24, 1949, the appellant being desirous of obtaining a higher rate of interest than the bank was paying on the savings account, asked the Bank to advise him as to the balance that he then had on hand in his savings account, including accrued interest, and also the balance then remaining to his checking account. Upon receiving that information he withdrew all the funds then to his credit in both accounts and thereupon deposited the same in the First Federal Savings & Loan Association, in Jackson, where the fund began to earn a rate of 2½ per cent interest per annum instead of the 1 per cent theretofore paid by the savings department of the Jackson-State National Bank. The savings account of Dr. H. Van Zandt had been inactive from March 11, 1943, until that time.

Likewise there had been no further withdrawals or deposits made on the savings account of J. C. Van Zandt. On the 7th day of March, 1951, J. C. Van Zandt carried to the Bank his passbook to have the accrued interest on his savings account noted or posted therein. It was then discovered that he had never been credited on the Bank ledger of the savings department with the $5,000 deposit made on March 11, 1943, although the entry thereof was contained in his passbook and the Bank was able to find the original deposit slip in his name

for that amount. The Bank had in accordance with its custom kept the original deposit slips for each deposit made in the savings department on March 11, 1943, and the total of these slips was in balance with the total of the amount of deposits made in the savings department, as shown by the ledger on that date. The Bank naturally concluded, and the Court here deems the fact to be inescapable, that since the savings department of the Bank had an original deposit slip in favor of the appellant, Dr. H. Van Zandt, for $10,000 and an original deposit slip in favor of J. C. Van Zandt for $5,000 and that Dr. H. Van Zandt was credited on that day with one deposit for $10,000 and another for $5,000, with no deposit slip to authorize the latter deposit to his credit, and there being no credit on the books in favor of J. C. Van Zandt for his deposit, there had been an error committed in posting the deposit slips on the ledger and with the result that both the $10,000 deposit slip and the $5,000 deposit slip were credited to the account of Dr. H. Van Zandt. After this investigation of its records, the Bank rightfully recognized its liability to J. C. Van Zandt for the $5,000 and the accrued interest thereon from March 11, 1943, until two days after he presented his passbook on the 7th day of March, 1951, to have the accrued interest noted thereon, and on March 9, 1951, credited him with the sum of $5,000 and the interest thereon, which he withdrew in the total sum of $5,401.82 several days later; and he then deposited the same with the First Federal Savings & Loan Association to earn a greater rate of interest than the banks were paying at that time.

The alleged error was called to the attention of Dr. H. Van Zandt, and with the request that he rectify the same. Soon thereafter some of the employees of the Bank went to see him at his home at Braxton to discuss the fact that the error had been discovered and how it had occurred. One of them testified that he agreed to check his records and then come to Jackson during the

following week to see the Bank about the matter; that he was informed that either he or his attorney would be granted access to the Bank's records for any investigation they should desire to make in regard to the matter; and that he failed to come to the Bank and that on their next visit to his home he told them, in substance, that he had checked his records and that all of the money that he had withdrawn was his own money. He denied having told them that he had checked his records, but on the contrary he testified that his records had then been lost or destroyed and that he knew how much money he had in the bank and only drew out money that belonged to him.

It was shown that thereafter the Bank wrote him two or three letters, to which it received no reply. However, he testified that he did not receive either of those letters. It is urged on behalf of the appellant Dr. H. Van Zandt that the extra $5,000 credited to his savings account on March 11, 1943, was either the proceeds of the sale of 75 bales of cotton at 15c per pound which he had sold to Zeke Odom, a merchant and cotton buyer at Star, a short distance from Braxton, or that the proceeds of this cotton were erroneously credited to the checking account of his brother, J. C. Van Zandt, and that the $5,000 that was intended by J. C. Van Zandt to be deposited to his savings account was credited to the savings account of the appellant Dr. H. Van Zandt, since according to his testimony he did not otherwise get credit at the Bank for the proceeds of the sale of the cotton. The trouble with this contention is that, if true, then there would remain no explanation as to what became of one-half of the proceeds of the $10,000 check deposited by J. C. Van Zandt on March 11, 1943, which the vice president of the Bank, Marvin E. Collum, testified was deposited on that day to the checking account of J. C. Van Zandt according to a duplicate deposit slip made out in the handwriting of Mr. John Taylor and signed by him on the checking-account deposit, and which recited that it was:

a $10,000 deposit to J. C. Van Zandt, less transfer of $5,000 to a savings account, it being shown by the ledger sheet of the checking account of J. C. Van Zandt, introduced in evidence as aforesaid, that only one $5,000 deposit was made in such checking account on March 11, 1943.

The trial court therefore rejected this contention evidently upon the theory, first, that one of the $10,000 checks drawn by the appellant Dr. H. Van Zandt, on March 11, 1943, was in favor of J. C. Van Zandt, as aforesaid, and because the testimony of Mr. Collum was undisputed in regard to the duplicate deposit slip in the handwriting of Mr. John Taylor showing that the $5,000 deposited to the checking account of J. C. Van Zandt was a part of this $10,000, leaving the $5,000 that was intended by J. C. Van Zandt to be placed to his savings account as shown by his passbook and the original deposit slip issued by that department, which showed conclusively that this amount had been so deposited; and second, because of the unsatisfactory explanation given by Dr. H. Van Zandt as a witness at the trial as to when he sold the 75 bales of cotton in question.

As to the proceeds of the cotton sale, he testified while on the witness stand on the first occasion that this cotton was sold to Mr. Zeke Odom in the Spring of 1948, and then while on the witness stand on another occasion he testified the cotton was sold in March 1948 and that it was from the 1947 cotton crop; and then on the third occasion he testified at a subsequent hearing, after the case had been remanded to Rules for further testimony, and after the complainant Bank had introduced a certified copy of a death certificate showing that Mr. Zeke Odom had died on August 17, 1944, the witness frankly admitted that his memory was poor as to dates and that he would not undertake to give either the month or the year when he sold the cotton and could not place the date otherwise than at sometime within the last ten years prior to the trial. As hereinbefore stated, he did

not specifically contend that he deposited the proceeds of the sale of the cotton on the same occasion that the two $10,000 checks were deposited on March 11, 1943, but would only say that the $5,000 credited to him in his savings account of that day "could be" the proceeds of the sale of the cotton. Moreover, his other brother, J. B. Van Zandt, who remembered being at the Bank when the proceeds of the cotton sale were alleged to have been deposited, did not remember the date, and did not undertake to say that he was in the Bank on the same occasion that the checks were deposited on March 11, 1943, which represented proceeds of the sale of the timber.

It is true that the chancellor who finally decided the case did not see and hear the witnesses testify, but reached his conclusion on a reading of the transcript of the testimony and documentary evidence taken before the former chancellor; and it is also true that the testimony of the appellant Dr. H. Van Zandt, and that of his brother, J. B. Van Zandt, is not contradicted by the oral testimony of any witness for the Appellee-Bank in regard to the proceeds of the sale of the cotton having been deposited in the Bank, but the court is of the opinion that in the absence of any bank record of this particular deposit, and under the state of the testimony as a whole, we would not be justified in reversing the decree on that specific ground.

However, it is further urged by the appellant Dr. H. Van Zandt, that the Appellee-Bank cannot recover in this suit in equity for the reason, first, that if the Bank is entitled to recover at all it has a complete and adequate remedy at law; second, that if a mistake was made in the transactions on March 11, 1943, which the appellant Dr. H. Van Zandt denied, the same was due to the negligence of the Bank in crediting his savings account with the $5,000 which should have been credited to his brother J. C. Van Zandt, according to the entry in the

passbook of the latter and according to the original deposit slip retained by the Bank and introduced in evidence which shows that the same should have been credited on the bank ledger to the savings account of J. C. Van Zandt; third, that the Bank is estopped to assert any claim to this $5,000 ''which it voluntarily paid over to Dr. H. Van Zandt,'' as contended in the brief on his behalf; fourth, that the burden of proof was on the Bank to show by clear and convincing evidence and beyond a reasonable doubt that Dr. Van Zandt did not deposit the $5,000 in question, and that the Bank was not guilty of culpable negligence in paying the same to him, if it belonged to his brother; fifth, that the Bank is barred by laches from claiming and recovering this $5,000 and the interest thereon; sixth, that the Bank's right of action, if any, is barred by Section 729, Code of 1942, being the three-year statute of limitations; and seventh, that the claim of the Bank, if any, is barred by Section 722, Code of 1942, being the six-year statute of limitations.

In answer to the first contention above stated, the Court is of the opinion that the same is not maintainable for the reason that Section 147 of the Mississippi Constitution of 1890 provides, among other things, that: ''No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; * * *.''

In response to the second contention above stated, the Court is of the opinion that the appellant Dr. H. Van Zandt cannot invoke against the Bank its alleged negligence in crediting his savings account with the sum of $5,000 instead of crediting the same to the savings account of his brother, J. C. Van Zandt, since he was in no manner injured by the negligence, oversight or mis-

take made by the Bank in that behalf. On the contrary, he has had this money available for his use since January 24, 1949, and until the rendition of the final decree in this cause on February 19, 1953. It is true that a bank owes to a depositor the positive duty of properly crediting to him any deposit that he may have made in the Bank, as shown by the deposit slip issued in his favor therefor, but the Court is of the opinion that the documentary evidence, together with the oral testimony of the employees of the Bank, which the trial court was entitled to adopt as true, shows that J. C. Van Zandt, and not the appellant Dr. H. Van Zandt was the depositor of the $5,000 here in controversy. The Bank promptly rectified any act of negligence, oversight or error that it made in not crediting the depositor with this fund, when it paid to the depositor, J. C. Van Zandt, the principal sum thereof, together with the accrued interest thereon, from March 11, 1943, to March 7, 1951, amounting to the total sum of $5,401.82.

The Court is therefore of the opinion that unless this $5,000 had been deposited by Dr. H. Van Zandt, the authorities relied upon by him in his brief would not be applicable as to the deposit in question, since the Bank owed him no duty in regard thereto.

Moreover, the Court is of the opinion that under the text and decisions cited in the brief of the Appellee-Bank, it would not be precluded from recovering from the appellant Dr. H. Van Zandt the funds in question, even though it may have been guilty of negligence in not making the proper entry on its ledger in conformity with the passbook entry and the deposit slip issued to his brother, J. C. Van Zandt, for the $5,000 deposit in question.

In response to the third contention of the appellant hereinbefore stated, the Court is of the opinion that the doctrine of estoppel that may apply in favor of a depositor is not applicable in favor of one in whose

favor a deposit has been *credited* through oversight or error.

█ █ █ In response to the fourth contention of the appellant hereinbefore stated, the Court is of the opinion that the Bank met its burden of proof by showing that the Appellant Dr. H. Van Zandt did not deposit the $5,000 which it claims was credited to his savings account through oversight or error, when the Bank proved beyond question that the deposit was made by his brother, J. C. Van Zandt, and █ █ █ the burden of proof was not upon the Appellee-Bank to show that it was not guilty of negligence in crediting *the said appellant* with the deposit, since he was not injured by any negligence of which the Bank may have been guilty.

█ █ █ In response to the fifth contention of the appellant to the effect that the Bank is barred by laches from claiming and recovering the $5,000 and interest thereon, the Court is of the opinion that inasmuch as the savings accounts of Dr. H. Van Zandt and his brother J. C. Van Zandt, respectively, had remained inactive from March 11, 1943, until the appellant Dr. H. Van Zandt withdrew his entire credit balance from the savings account on January 24, 1949; and in view of the fact that the Bank did not discover that he had withdrawn on that date $5,298.31 of funds that should have been to the credit of his brother, J. C. Van Zandt, until two days after the latter had presented his passbook on March 5, 1951, showing the entry of the $5,000 item therein, and until it had found the original deposit slip showing that this sum had been deposited by J. C. Van Zandt on March 11, 1943, the Appellee-Bank is not barred by laches from seeking restitution of these funds from the Appellant Dr. H. Van Zandt, since the same remained the Bank's money and in its possession under the relation of debtor and creditor until January 24, 1949.

█ █ █ Moreover, the application of the doctrine of laches is largely within the discretion of the trial court. Sample v. Romine, 193 Miss. 706, 9 So. 2d 643.

In response to the sixth and seventh contentions of the appellant, which involve the three and six-year statutes of limitations, respectively, the Court is of the opinion that neither of these statutes constitute a bar to a recovery in this suit for the reason that the cause of action in favor of the Bank did not arise at least until January 24, 1949, within three years from the date of the bringing of this suit on June 2, 1951, since the Bank was holding the funds as its own until they were withdrawn by the appellant Dr. H. Van Zandt, on the 24th day of January 1949, subject to the relation of debtor and creditor as between the Bank and the real depositor of the said funds.

Since the savings account of the depositor, J. C. Van Zandt, had remained wholly inactive until he presented his passbook in 1951 for the purpose of having the accrued interest posted therein, the Appellee-Bank did not discover until that date that the appellant Dr. H. Van Zandt had withdrawn more funds from his savings account than should have been credited thereto.

From the foregoing views, it follows that the Court is of the opinion that the decree of the trial court which held that the appellant First Federal Savings & Loan Association should be deemed a trustee of the $5,298.31 withdrawn from the Appellee-Bank by the appellant Dr. H. Van Zandt, and deposited with the said First Federal Savings & Loan Association where the same still remained at the time of the trial, and should therefore be paid over by the said Association to the Appellee-Bank, and that the appellants be jointly and severally required to pay over to the Appellee-Bank the said sum, together with the proper interest since the rendition of the decree appealed from, and pay all of the costs of this suit, should be affirmed. The decree appealed from is therefore affirmed.

Affirmed.

All nine of the justices concur.